IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | No. 22-cr-192-BAH |
| | : | |
| v. | : | |
| | : | |
| JENNIFER HORVATH, | : | |
| | : | |
| *Defendant*. | : | |
| | : | |

**DEFENDANT'S *UNOPPOSED* MOTION TO
PROCEED WITH SENTENCING BY VIDEOCONFERENCE**

Defendant, Jennifer Horvath, by and through her undersigned counsel, and pursuant to Federal Rule of Criminal Procedure 43(b)(2), seeks an Order permitting her sentencing, which is currently scheduled for November 4, 2022, to proceed remotely via videoconference, and states as follows:

1. On May 3, 2022, Ms. Horvath voluntarily surrendered to the Federal Bureau of Investigation on an Arrest Warrant relating to misdemeanor offenses and was processed at the United States District Court for the District of Colorado. An initial presentment was held that day and Ms. Horvath was released on her personal recognizance. On May 10, 2022, Ms. Horvath appeared before Magistrate Judge Robin M. Meriweather by video, where she was again permitted to remain on her personal recognizance. Prior to her arrest in this matter, Ms. Horvath had one sixteen-year-old misdemeanor traffic conviction.

2. On August 12, 2022, Ms. Horvath entered a guilty plea to one count of Parading, Demonstrating, or Picketing in a Capitol Building, a petit misdemeanor offense, in violation of 40 U.S.C § 5104(e)(2)(G), which carries a maximum period of incarceration of six months. At the conclusion of that video remote proceeding, Ms. Horvath was permitted to remain on her personal recognizance.

3. Pursuant to Federal Rule of Criminal Procedure 43(b)(2), a "defendant need not be present" before the Court if the offense at issue "is punishable by fine or by imprisonment for not more than one year" and the defendant agrees to proceed by "video teleconferencing." The Court has the discretion under the Rule to permit video teleconferencing for "arraignment, plea, trial, and sentencing."

4. Ms. Horvath respectfully requests to proceed to sentencing by videoconference. She resides in Colorado, and as set forth in the draft Presentence Report ("PSR") (D.E. 24, ¶¶ 68-72), lives on an extremely fixed income, has very limited savings, and works by hourly minimum wage (following a brief period of unemployment). Traveling to the District of Columbia by airplane and securing lodging creates a significant financial constraint on Mr. Horvath, who was previously found indigent as is accordingly, represented by Criminal Justice Act counsel in this matter.

5. Undersigned counsel conferred with the assigned prosecutor, U.S. Department of Justice Trial Attorney Jordan A. Konig, Esq. regarding the present motion and the Government does not oppose Ms. Horvath's request for a remote sentencing.

6. Accordingly, for all these reasons, Ms. Horvath respectfully requests that the Court permit her sentencing to be conducted by remote videoconference when a remote sentencing is completely permitted by the Federal Rules of Criminal Procedure and the Government *does not oppose* a remote sentencing for Ms. Horvath's petit misdemeanor offense.

Dated: September 26, 2022

Respectfully submitted,

s/ Christopher Macchiaroli
Christopher Macchiaroli (D.C. Bar No. 491825)
Silverman, Thompson, Slutkin & White LLC
1750 K Street, NW, Suite 810
Washington, D.C. 20006
Telephone: (202) 539-2444
Facsimile:  (410) 547-2432
Email: cmacchiaroli@silvermanthompson.com