# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : <br> : <br> :    No. 22-cr-192-BAH <br> : |
| v. | : <br> : |
| JENNIFER HORVATH, | : <br> : |
| *Defendant.* | : <br> : |

**DEFENDANT'S MOTION FOR TRAVEL EXPENSES PURSUANT TO 18 U.S.C. § 4285**

      Defendant, Jennifer Horvath, by and through her undersigned counsel, and pursuant to 18 U.S.C. § 4285, seeks an Order directing the United States Marshal Service to make non-custodial travel arrangements for Ms. Horvath to travel to and from her residence in Calhan, Colorado to this Court for her November 4, 2022 sentencing, and states as follows:

      1.    On May 3, 2022, Ms. Horvath voluntarily surrendered to the Federal Bureau of Investigation on an Arrest Warrant relating to misdemeanor offenses and was processed at the United States District Court for the District of Colorado. An initial presentment was held that day and Ms. Horvath was released on her personal recognizance. On May 10, 2022, Ms. Horvath appeared before Magistrate Judge Robin M. Meriweather by video, where she was again permitted to remain on her personal recognizance. Prior to her arrest in this matter, Ms. Horvath had one sixteen-year-old misdemeanor traffic conviction.

      2.    On August 12, 2022, Ms. Horvath entered a guilty plea to one count of Parading, Demonstrating, or Picketing in a Capitol Building, a petit misdemeanor offense, in violation of 40 U.S.C § 5104(e)(2)(G), which carries a maximum period of incarceration of six months. At the

conclusion of that video remote proceeding, Ms. Horvath was permitted to remain on her personal recognizance.

    3.    On September 26, 2022, Ms. Horvath filed an unopposed motion (*see* D.E. 25) to have her sentencing conducted remotely pursuant to Federal Rule of Criminal Procedure 43(b)(2). While Ms. Horvath's motion is still pending, out of an abundance of caution, given that her sentencing is approximately three weeks away, Ms. Horvath respectfully requests that the Court order the United States Marshals Service to provide travel expenditures to the extent this Court denies her motion for a remote sentencing hearing. 18 U.S.C. § 4285, provides in pertinent part:

> Any judge or magistrate judge of the United States, when ordering a person released under chapter 207 on a condition of his subsequent appearance before that court, any division of that court, or any court of the United States in another judicial district in which criminal proceedings are pending, may, when the interests of justice would be served thereby and the United States judge or magistrate judge is satisfied, after appropriate inquiry, that the defendant is financially unable to provide the necessary transportation to appear before the required court on his own, direct the United States marshal to arrange for that person's means of noncustodial transportation or furnish the fare for such transportation to the place where his appearance is required, and in addition may direct the United States marshal to furnish that person with an amount of money for subsistence expenses to his destination, not to exceed the amount authorized as a per diem allowance for travel under section 5702(a) of title 5, United States Code. When so ordered, such expenses shall be paid by the marshal out of funds authorized by the Attorney General for such expenses.

18 U.S.C. § 4285.

    4.    This Court has found that Ms. Horvath is indigent and has appointed undersigned counsel to represent her. As set forth in the draft Presentence Report (D.E. 24, ¶¶ 68-72), Ms. Horvath lives on an extremely fixed income, has very limited savings, and works by hourly minimum wage (following a brief period of unemployment). Ms. Horvath does not have the means by which to travel to the District of Columbia for her sentencing and then to return home. Authorization to pay the necessary travel costs for Ms. Horvath's travel to and from the District of Columbia for her sentencing would serve the interests of justice.

5.     Accordingly, Ms. Horvath respectfully requests that this Honorable Court direct the United States Marshals Service to: (i) arrange for and pay the costs of her non-custodial travel to and from the District of Columbia so that she may arrive on November 3, 2022, the day before her sentencing; and (ii) depart back to Colorado after the completion of her sentencing hearing on November 4, 2022 to the extent permitted by the Court.

6.     While the Government does not oppose a remote sentencing hearing in this matter, the assigned United States Department of Justice Trial Attorney has indicated that the Government *opposes* the relief requested in the present motion.

Dated: October 10, 2022

Respectfully submitted,

s/ Christopher Macchiaroli
Christopher Macchiaroli (D.C. Bar No. 491825)
Silverman, Thompson, Slutkin & White LLC
1750 K Street, NW, Suite 810
Washington, D.C. 20006
Telephone: (202) 539-2444
Facsimile:  (410) 547-2432
Email: cmacchiaroli@silvermanthompson.com

*Counsel for Defendant Jennifer Horvath*