IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | No. 22-cr-192 (BAH) |
| v. | : | |
| JENNIFER HORVATH, | : | |
| *Defendant*. | : | |

## DEFENDANT'S RESPONSE TO GOVERNMENT'S SENTENCING MEMORANDUM

Defendant Jennifer Horvath has done everything that the criminal justice system could possibly hope and expect from someone who wants to accept full responsibility and atone for her actions. When presented with a plea offer, she immediately accepted it. She did not request additional discovery from the standard discovery provided by the Government, and she did not file any motions challenging her arrest, the Government's charges, or the adequacy of the discovery provided. Since her arrest, Ms. Horvath has been in full compliance with her release conditions.

Ms. Horvath pled guilty to one of the four misdemeanor offenses charged in this case, specifically, Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G). She was not charged with assaulting, threatening, or accosting a law enforcement officer because no such conduct occurred, and it is not contained in the Statement of Offense that Ms. Horvath executed *at the request* of the Government. She is not charged with possession of or use of pepper spray because she did not bring pepper spray to the U.S. Capitol on January 6, 2021, or intend to use pepper spray on anyone (especially law enforcement), and no reference to such conduct is contained in the Statement of Offense that she executed *at the request* of the Government. Yet, the Government raises these matters in its Sentencing Memorandum as if they were proven facts, solely

to paint Ms. Horvath in a light different from that of the charges brought against her and the agreed-upon facts contained in the Statement of Offense. Ms. Horvath faces sentencing on a petty misdemeanor offense because her conduct was and still is consistent with that offense. If it was not, rest assured, the Government would have charged her with any offense that could plausibly fit such conduct.

The Government's Sentencing Memorandum presents as facts other matters that are unsupported by the evidence in the record. Ms. Horvath declined to sign a Statement of Offense that implied that she was told to leave the U.S. Capitol and returned a second time, because the record evidence was that Defendant Glenn Wes Lee Croy ("Croy") was told to leave, not Ms. Horvath. The Government made the appropriate correction in the Statement of Offense. Ms. Horvath similarly refused to sign a Statement of Offense that stated that law enforcement engaged with her, Croy, and Terry Lynn Lindsey ("Lindsey") because the record evidence was that Ms. Horvath was a distance away during Croy and Lindsey's contact with law enforcement. The Government again appropriately corrected that in the Statement of Offense. Nevertheless, these unsupported statements reappear as facts in the Government's Sentencing Memorandum. Notwithstanding the Government's zealous attempts to make Ms. Horvath's conduct more than just parading and demonstrating, that conduct is in fact the charge to which she pled guilty and for which she will be sentenced.

While the Government's sentencing recommendation for Ms. Horvath is the exact same sentencing recommendation the Government made for her former partner Croy, the Government does not explain why the sentence imposed by this Court for Croy should not be the starting point for what sentence Ms. Horvath deserves in this matter. That examination, as undertaken by Ms. Horvath in her sentencing memorandum, justifies why her sentence should be more lenient than Mr. Croy's and should *not* require two-weeks of confinement and GPS monitoring.

Accordingly, a sentence of 12 months of probation is wholly appropriate and both sufficient but not greater than necessary to satisfy the relevant sentencing factors, especially, given Ms. Horvath's early and sincere acceptance of responsibility, exceptional conduct while on pretrial release, and very limited prior contacts with the criminal justice system.

Dated: October 31, 2022                     Respectfully submitted,

s/ Christopher Macchiaroli
Christopher Macchiaroli (D.C. Bar No. 491825)
Silverman, Thompson, Slutkin & White LLC
1750 K Street, NW, Suite 810
Washington, D.C. 20006
Telephone: (202) 539-2444
Facsimile:  (410) 547-2432
Email: cmacchiaroli@silvermanthompson.com

*Counsel for Defendant Jennifer Horvath*